IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID B. PACHECO and
KATHERYN C. PACHECO,

      Petitioners/Claimants,

v.                                    Civil No. 03-841 WJ/ACT

R.M. OWENS, JOHN GALLAGHER,
JOELLE M. APODACA, and
MRS. SCHULTZ (true name unknown),
AGENTS FOR THE INTERNATIONAL
MONETARY FUND INTERNAL REVENUE
SERVICE, DISTRICT DIRECTOR, SPECIAL
PROCEDURES FUNCTION OFFICER and
THEIR PRINCIPAL, GOVERNOR OF
INTERNATIONAL MONETARY
FUND AKA SECRETARY OF THE
TREASURY,

      Respondents/Libelants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss

[Docket No. 9]. Having reviewed the submissions of the parties and the applicable law, I find the

motion is well taken and shall be granted.

**BACKGROUND**

Plaintiffs[1] complain of "involuntary Servitude and Peonage due to wanton and malicious

acts and threats, duress, coercion, fraud by Respondents/Libelants as Respondents in violation of

---

[1]The Court notes Plaintiffs' objection to being referred to as "Plaintiffs." Plaintiffs
adamantly insist on being referred to as "Petitioners/Claimants" and that Defendants be referred to
as "Respondents/Libelants." It seems they are under the impression that the mere use of different
terminology will affect the nature of this case. The Court will use the terms Plaintiffs and
Defendants for its own convenience and because those terms are proper, although the use of such
terms do not define or alter the nature of this case or the Court's jurisdiction.

the Laws of the forum United States of America and the Laws of Nations pursuant to 18 U.S.C.

§§ 2, 3, 4, 113(b), 219 (sic), 241, 242, 371, 654, 661, 709, 951, 1001, 1028, 1341, 1346, 1581,

1621, 1622, 1961, 2111, 2382, 2384, 42 U.S.C. § 1983, 4th, 5th, 7th, 9th, 10th, 13th & 16th

Amendments to the Constitution of the united states (sic) of America." Plaintiffs allege that the

subject matter jurisdiction of this Court is based in "admiralty/maritime" law pursuant to 28

U.S.C. §§ 2461 and 2463. The Complaint names as "Respondents/ Libelants" persons who are

"agents for the International Monetary Fund Internal Revenue Service." Also named in the

caption of the case is "Governor of International Monetary Fund aka Secretary of the Treasury."

Plaintiffs allege in Paragraph 7 of their Complaint that the "Respondents/Libelants" and their

agents filed "Notice of Levy on Wages, Salary, and Other Income" for years 1997, 1999, 2000,

2001 for a total amount of $19,778.22. Paragraph 7 of the Complaint refers to Exhibit A.

Exhibit A to the Complaint is a Department of Treasury, Internal Revenue Service Notice of

gIntent to Levy dated December 23, 2002.

Plaintiffs allege that the Notice of Intent to Levy caused them damages and harmed their

rights to property, estate, trust, their good name, their ability to transfer, sell, and freely use the

same, and has put Plaintiffs in a position of involuntary servitude and peonage. Plaintiffs further

allege that Defendants have failed to meet the legal requirements for filing such notices.

Defendants filed the instant motion to dismiss based on lack of jurisdiction under Fed. R.

Civ. P. 12(b)(1) and failure to state a claim upon which relief may be granted under Fed. R. Civ.

P. 12(b)(6).

**LEGAL STANDARD**

Jurisdiction is a threshold question that a federal court must address before reaching the

merits, even if the merits question is more easily resolved and the party prevailing on the merits

would be the same as the party that would prevail if jurisdiction were denied.  Payton v. U.S.

Dep't of Agriculture, 337 F.3d 1163, 1167 (10th Cir. 2003) (citing Steel Co. v. Citizens for a

Better Environment, 523 U.S. 83, 94-95 (1998); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir.

2002)). In a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.

12(b)(1), a party may go beyond the allegations contained in the complaint and challenge the facts

upon which jurisdiction depends.  Sizova v. National Institute of Standards & Technology, 282

F3d 1320, 1324-25 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

A Rule 12(b) motion to dismiss can challenge the substance of the complaint's jurisdictional

allegation in spite of its formal sufficiency by relying on affidavits or any other evidence properly

before the court.  Sizova, 282 F.3d at 1324-25; New Mexicans for Bill Richardson v. Gonzales,

64 F.3d 1495 (10th Cir. 1995).  A court has wide discretion to allow affidavits or other

documents to resolve disputed jurisdictional facts under Rule 12(b).  In such instances, a court's

reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Sizova, 282 F.3d at 1324-25; Holt, 46 F.3d at 1003.  Because Plaintiffs are acting *pro se*, this

Court will liberally construe the *pro se* pleadings in this case in an attempt to find subject matter

jurisdiction.  See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

       In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all well-pleaded

factual allegations of the complaint are accepted as true and viewed in the light most favorable to

the nonmoving party.  Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th

Cir. 1999).  All reasonable inferences raised in the pleadings are resolved in favor of the plaintiff.

Dill v. City of Edmond, 155 F.3d 1193, 1201 (10th Cir. 1998).  "A 12(b)(6) motion should not be

granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief."  David v. City and County of Denver, 101 F.3d 1344,

1352 (10th Cir. 1996).  Allegations which state legal conclusions rather than plead material facts are not accorded deference, nor should unwarranted inferences of fact or conclusions of law be drawn from such allegations in order to preclude dismissal.  Ryan v. Scoggin, 245 F.2d 54, 57 (10th Cir. 1957).

**DISCUSSION**

In this complaint, Plaintiffs list the Defendants as agents of the Internal Revenue Service (IRS) and seek the return of all property allegedly taken by Defendants, the removal of all federal tax liens and either an injunction against future tax liens and levies or a declaration that Plaintiffs are not subject to federal taxes, tax liens or levies.

A suit against an IRS employee acting in his official capacity is a suit against the United States.  United States v. Shaw, 309 U.S. 495, 500-01 (1940); see also Weaver v. United States, 98 F.3d 518 (10th Cir. 1996); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989).  "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."  Atkinson, 867 F.2d at 590; See also, Baddour, Inc. v. United States, 802 F.2d 801 (5th cir. 1986).  Thus, Plaintiffs' suit is a suit against the United States in spite of their naming of specific agents of the IRS in the caption of their Complaint.

The Anti Injunction Act, 26 U.S.C. § 7421, clearly states that this Court does not have subject matter jurisdiction over a suit such as this one.  The Anti Injunction Act states that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.  Plaintiffs' Complaint seeks to restrain the IRS's ability to assess and collect taxes from them.   Thus, this Court lacks subject matter jurisdiction over Plaintiffs' claims seeking an injunction or declaratory relief from the assessment and collection of taxes.

The United States may not be sued without its consent, and the terms of any consent define the Court's jurisdiction.  United States v. Dalm, 494 U.S. 596, 600 (1990).  Plaintiffs bear the burden of establishing jurisdiction and a waiver of sovereign immunity.  McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 188 (1936); Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992).

Plaintiffs allege jurisdiction under Fed. R. Civ. P. 9(h), 22 U.S.C. § 286g and 28 U.S.C. §§ 2461 and 2463.  Fed. R. Civ. P. 9(h) is a rule of procedure for the federal courts and provides no basis for federal subject matter jurisdiction.  22 U.S.C. § 286g is a jurisdiction and venue statute, but is not a waiver of the United States' sovereign immunity.  28 U.S.C. §§ 2461 and 2463 are venue and procedural statutes applicable to actions brought by the United States.  The United States did not bring this action.  Therefore, these statutes are not applicable to this action, do not serve as a waiver of the United States' sovereign immunity, and provide no basis for this Court's exercise of jurisdiction over Plaintiffs' claims.  More specifically, Section 2463 was not intended to confer jurisdiction of the federal courts over property levied upon and seized under the Internal Revenue Laws.  Lonsdale v. United States, 919 F.2d 1440, 1443 (10th Cir. 1990).

Plaintiffs also allege jurisdiction under 28 U.S.C. §§ 1343(3) and 1983.  First, these statutes address actions taken under color of state law.  The actions of federal agents are actions taken under federal law.  Thus, Sections 1983 and 1343(3) do not apply to actions of federal agents.  Moreover, neither statute waives the United States' sovereign immunity.  See Lonsdale, 919 F.2d at 1443-44.

Plaintiffs have failed to meet their burden of demonstrating that the United States has waived its sovereign immunity for Plaintiffs' claims.  Therefore, this Court lacks jurisdiction over Plaintiffs' claims and the United States is entitled to dismissal of Plaintiffs' action.  Because the

Court is dismissing Plaintiffs' Complaint on the basis of a lack of subject matter jurisdiction, the

Court does not reach the merits of Plaintiffs' claims.  However, if the Court were to reach the

merits of this case, it would likely find that this action is totally lacking in merit and that the only

purpose of this lawsuit is to frustrate the lawful collection of taxes from Plaintiffs.  See Pascoe v.

Internal Revenue Service, 580 F.Supp. 649, 654 (S.D. Mich. 1984).

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Docket No. 9] is

hereby GRANTED and Plaintiffs' Complaint is hereby DISMISSED FOR LACK OF SUBJECT

MATTER JURISDICTION.

UNITED STATES DISTRICT JUDGE